IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DEBRA D. COOPER, individually and on behalf of all similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 06-1018-KI |
| vs. | ) ) | OPINION AND ORDER |
| REGAN THOMASON and BRAD THOMASON, individuals; THOMASON INC., an Oregon corporation; and DOES 1-5, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Jon M. Egan
240 Sixth Street
Lake Oswego, Oregon  97034-2931

Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Kevin H. Kono
Jenna L. Mooney
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon  97201

      Attorneys for Defendants Regan Thomason, Brad Thomason,
          and Thomason Inc.


KING, Judge:

Plaintiff Debra Cooper, who worked for defendants as a waitress, alleges numerous wage and hour claims under federal and state law.  Before the court is Defendants' Motion to Dismiss and Alternative Motion to Make More Definite (#4).  For the reasons below, I grant the motion in part.

## ALLEGED FACTS

Cooper alleges that defendants have a tip pool program in which they willfully deduct money from her to distribute to employees such as cooks who do not customarily receive tips. Complaint[1] ¶ 13.  Defendants required Cooper to work through the required rest periods and deducted pay for meal breaks when the 30-minute meal breaks were not duty-free.  ¶¶ 14, 48, 68. Because of the tip pool deductions, Cooper alleges that defendants did not pay her minimum wages, ¶ 27, and overtime wages, ¶ 35, and breached their contract to provide wages and tips in exchange for labor, ¶ 43.

Cooper also alleges claims for penalty wages for the failure to pay minimum wages and overtime wages and the failure to properly administer and compensate for rest periods and meal breaks.  ¶¶ 55, 64, 72, 80.

---

[1] Unless otherwise noted, all paragraph citations are to the Complaint.

Page 2 - OPINION AND ORDER

In the Ninth Claim, Cooper alleges that the deduction of tip pool amounts was an illegal

deduction under ORS 652.610.  In the Tenth Claim, Cooper alleges that she was not paid all

wages remaining due within the statutory time limit following her termination, in violation of

ORS 652.140, and is thus entitled to penalty wages.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt

that the plaintiff can prove no set of facts in support of his complaint which would entitle him to

relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997).  Normally, the

review is limited to the complaint, and all allegations of material fact are taken as true and

viewed in the light most favorable to the non-moving party.  Id.  The court, however, may

consider whether conclusory allegations follow from the description of facts alleged.  Holden v.

Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).  The court may also review a document extrinsic

to the complaint if the authenticity of the document is not contested and the document is integral

to the claims.  Fields v. Legacy Health System, 413 F.3d 943, 958 n.13 (9th Cir. 2005).

## DISCUSSION

I.    Claims for Minimum Wages and Overtime Wages

Cooper alleges that the deductions from her tips to the tip pool dropped her below the

statutory amounts for minimum wages and overtime wages.  Defendants make several arguments

that this was not the case and the tip pool was operated in a manner that does not violate state and

federal wage laws.  The Complaint does not give details of the agreement, if any, between

Cooper and defendants concerning tips she collected.  I must give credence to her allegations and

assume for now that she was not paid appropriate minimum and overtime wages earned.  I deny

the motion to dismiss these claims.  These arguments can be renewed when there is an evidentiary record to support them.

II.    <u>Claims for Rest Periods and Meal Breaks</u>

Defendants argue that Cooper's claims for compensation related to the failure to provide the statutory rest periods and meal breaks should be dismissed.  Defendants contend that the statutory scheme does not provide for a private right of action and further note that Cooper was properly compensated for the time worked, even if she did not get the required rest periods and meal breaks.

Concerning rest periods, Cooper argues that the law requires that the employer must pay the employee for ten minutes of not working for every four hours worked, and thus the law creates a wage entitlement to ten minutes of rest for every four hours worked.

The application of the law, however, does not result in paying an employee twice for the rest period to cover times when she works through the period.

In <u>Ballaris v. Wacker Siltronic Corp.</u>, Civ. No. 00-1627-KI (D. Or. May 22, 2002), Opinion at 9-12, I agreed with the analysis in <u>Talarico v. Hoffman Structures, Inc.</u>, Civ. No. 98-410-AS, 1999 WL 1454859, at *2 (D. Or. Nov. 22, 1999), in which the Honorable Donald Ashmanskas recommended and the Honorable Helen Frye held that under Oregon and federal law the plaintiff was not entitled to compensation for unpaid overtime for missed break periods. Plaintiff claimed that he worked four straight hours before lunch and four straight hours after lunch without any rest breaks.  The court held that he was paid for the time that he worked and was not entitled to be paid more than once for the time.  It also noted that the regulatory scheme

Page 4 - OPINION AND ORDER

provides for a civil penalty assessed by the Bureau of Labor and Industries for the failure to provide an employee with reasonable rest periods. ORS 653.256, 653.261.

I construe Cooper's allegations to mean that she worked through the rest periods and was paid for the time worked. Accordingly, I dismiss the portions of Claims Four (breach of contract for breaks and meals), Seven (penalties for minimum wage for breaks and meals), and Eight (penalties for overtime for breaks and meals) concerning missed rest periods.

The meal break situation is not as clear concerning when Cooper worked and when she was paid. She argues that she was given fewer than 30 minutes to eat and was not paid for the time. I deny the motion to dismiss the meal period portions of Claims Four, Seven, and Eight. An evidentiary record will be necessary to determine if Cooper was properly paid.

III.   Claims for Penalty Wages

In Claim Ten, Cooper alleges that she was owed wages remaining due within the prescribed number of days following termination. Cooper continues that if she prevails in proving that wages, including minimum and overtime wages, remain due as alleged earlier in the Complaint, those wages have been unpaid for more than 30 days after they were due. ¶¶ 87-88. In other claims, Cooper specifically seeks penalty wages for unpaid minimum and overtime wages.

Defendants contend that Claim Ten for late termination pay penalties should be dismissed because it does not allege that Cooper was not paid her final check on time. Instead, it seeks double penalties for the failure to pay overtime and minimum wages.

Cooper contends that there are two types of misconduct–the failure to pay overtime and minimum wages and the failure to pay wages due and owing on termination. Thus, she contends that she is entitled to two penalties.

I have ruled on this issue in previous actions. Two state cases address the issue. In Hurger v. Hyatt Lake Resort, Inc., 170 Or. App. 320, 13 P.3d 123 (2000), plaintiffs were minimum wage workers who received their final post-termination wages after the time required by statute. They sought one penalty under the late payment statute and a second under the failure to pay minimum wage statute, arguing that the late payment meant that plaintiffs were paid less than the minimum wage, namely nothing, for their last days at work. The court held that a late payment of the final wage did not violate the minimum wage laws. The court reasoned that a late payment was not separately sanctionable as a failure to pay minimum wage because the argument was a "tail-wagging-the-dog exercise" that was unsupported by the statute. Id. at 324-25.

Plaintiff in Cornier v. Paul Tulacz, DVM PC, 176 Or. App. 245, 30 P.3d 1210 (2001), was not paid overtime and also was not paid accrued vacation pay within the statutory period for a final paycheck. The court noted that this constituted violations of two distinct parts of the wage statutes arising out of different factual contexts and accruing at different times. Thus, the court held that plaintiff was entitled to two state penalties. Id. at 249. The court also noted that if the case "did present two claims for two penalties based on the same employer misconduct, one of those claims would probably fail." Id. at 250.

In Chaloupka v. SLT/TAG, Inc., Civ. No. 02-743-KI, 2003 WL 23531404 (D. Or. Sept. 30, 2003), rev'd sub nom on other grounds, 407 F.3d 1038 (2005), the plaintiffs were fully paid at termination except for disputed overtime wages. I concluded that plaintiffs were only entitled

Page 6 - OPINION AND ORDER

to a single statutory penalty because there was only one type of employer misconduct and no separate component of their wages was withheld, as in <u>Cornier</u>.  2003 WL 23531404 at *3.

Similarly, in <u>Thiebes v. Wal-Mart Stores, Inc.</u>, Civ. No. 98-802-KI, 2004 WL 1688544 (D. Or. July 26, 2004), plaintiffs argued that the failure to pay overtime during a given week gives rise to an overtime penalty and the failure to make non-overtime payments on termination gives rise to the termination penalty.  I held:

> Wal-Mart did one thing wrong–it suffered or permitted its employees to work off-the-clock without compensation while they were employed.  Whether that off-the-clock work occurred during a week in which a plaintiff worked only 20 hours for which she was paid, or whether it occurred during a week in which she worked 40 hours for which she was paid, the bad conduct on Wal-Mart's part was the same. I conclude that plaintiffs are entitled to only one penalty.

<u>Id.</u> at *9-10.

Cooper's claim for late payment of termination pay rides on the same alleged misconduct as her claims for unpaid overtime and minimum wages.  I conclude that she would not be entitled to a separate penalty for late termination pay.  I dismiss Claim Ten.

IV.     <u>Claims for Deductions</u>

In Claim Nine, Cooper alleges that the deduction of tip pool amounts does not fit within any of the legal wage deductions listed in ORS 652.610 and is thus wrongful.

Defendants move to dismiss the claim because they contend that contributions to the tip pool are not deductions.  They additionally argue that a tip is not compensation owed by the employer to the employee for services, so tips are not wages and the deductions statute does not apply.

Page 7 - OPINION AND ORDER

In Cooper's argument, she brings up other types of deductions based on her statement that she had to act as banker for her shift and might have to pay for shortages.

I deny the motion to dismiss at this time because it is not yet clear how Cooper was paid. Cooper offered to amend her Complaint to more clearly indicate the nature of this violation. I order her to file an Amended Complaint[2] with more specifics on Claim Nine.

## CONCLUSION

Defendants' Motion to Dismiss and Alternative Motion to Make More Definite (#4) is granted in part. I dismiss Claim Ten and the portions of Claims Four, Seven, and Eight concerning missed rest periods. Cooper shall file an Amended Complaint within 14 days from the date of this opinion with these claims and allegations struck and with more specific allegations concerning Claim Nine for improper deductions.

IT IS SO ORDERED.

Dated this ____19th____ day of October, 2006.

_____/s/ Garr M. King_____

Garr M. King
United States District Judge

---

[2] I also note defendants' concerns about allegations throughout the Complaint discussing other states' laws. I assume that these allegations will not come into play unless I approve a class with employees who fall under other wage laws. There is no need to address these allegations further until such a class is approved.