IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DEBRA D. COOPER, individually and on behalf of all similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>REGAN THOMASON and BRAD THOMASON, individuals; THOMASON, INC., an Oregon corporation; and DOES 1-5,<br><br>    Defendants. | Civil Case No. 06-1018-KI<br><br>OPINION AND ORDER |

  Jon M. Egan
  240 Sixth Street
  Lake Oswego, Oregon 97034-2931

    Attorney for Plaintiff

  Kevin H. Kono
  Jenna L. Mooney
  Davis Wright Tremaine LLP
  1300 S.W. Fifth Avenue, Suite 2300
  Portland, Oregon 97201

    Attorneys for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Debra D. Cooper brings several wage and hour claims against her former employers[1] at the Blue Moon Diner, where Cooper was a waitress. Before the court is Defendants' Motion for Partial Summary Judgment (#21). For the reasons below, I grant the motion and dismiss Claims One, Two, Three, Eight, and Nine with prejudice.

## FACTS

Defendants provide Cooper's pay stub for each two-week pay period. The pay stubs show the hours, the rate, the overtime (if any), the tips earned as reported by Cooper, and the tips deducted. The tips earned are needed to calculate the withholding tax properly. Since Cooper pocketed the tip money, however, it is deducted in an equal amount on the same pay stub since she will not be receiving the tip money in the paycheck. Cooper's hourly rate was $7.50 per hour from July 7, 2003 until December 31, 2003; $7.65 per hour from January 1, 2004 until December 31, 2004, $7.85 per hour from January 1, 2005 until November 20, 2005 (Cooper's last day of work in 2005); and $8.00 per hour from February 8, 2006 until her last day of work on March 30, 2006. When she worked overtime, Cooper was paid one and one half times her hourly rate for the overtime hours.

Defendant Regan Thomason states that "no deduction was made from plaintiff's hourly wages for any 'tip pool' contributions." Thomason Decl. ¶ 10.

Cooper states that she paid a tip pool percentage to the kitchen staff that, to her best recollection, was 1.5% of her sales for 2003, 2% of sales for 2004, 2.5% of sales for 2005 and 2006. Cooper did not keep records of her sales but estimates them to average $85 per hour.

---

[1] There is a dispute as to which defendants were Cooper's employers. The resolution is not material to the issues raised in this motion.

Cooper estimates that she had a full 30-minute uninterrupted duty-free meal period only once per week. Cooper also estimates that she worked an average of 30 minutes per week off the clock, doing such tasks as grocery shopping, traveling to the Blue Moon diner to turn off the alarm, and assisting other employees from her home.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

I.      Tip Pool Minimum Wage Claims

According to defendants, Cooper was always paid well above the federal minimum wage of $5.15 and slightly above the Oregon state minimum wage which was $6.90 in 2003, $7.05 in 2004, $7.25 in 2005, and $7.50 in 2006. Cooper alleges claims under the Fair Labor Standards Act ("FLSA") and the Oregon wage and hour statutes for violation of the minimum wage laws due to her contribution to the tip pool.

To argue for a violation of the minimum wage laws, Cooper deducts her estimated contribution into the tip pool from her pay for the week. She claims this is appropriate because the tip pool contribution is not "free and clear" as required by law. Cooper also combines facts

Page 3 - OPINION AND ORDER

concerning off-the-clock time worked plus unpaid meal periods into her argument. Although I agree that an employee must be paid a minimum wage for all hours worked, Cooper did not allege her claims in this straightforward fashion. Instead, she limited Claims One and Eight to federal and state minimum wage violations caused by her contribution to the tip pool. See ¶¶ 18.a and 18.h. I am not going to interpret the claims beyond what is pleaded. Thus, the issue is whether there is a violation of the "free and clear" regulation.

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash.

29 C.F.R. § 531.35. Wages and tips are distinguished under the wage and hour statutes. Platek v. Duquesne Club, 961 F. Supp. 835, 838 (W.D. Pa. 1995) ("Because the plain language of the free and clear regulation only prevents the kick-back of *wages*, the prohibition simply does not apply to tips."); 29 U.S.C. § 203(m) (tip credit statute distinguishing between wages and tips); 29 C.F.R. § 531.60(a) (distinguishing between wages and tips with respect to the tip credit statute and the calculation of overtime rates).

Cooper relies on Tip-Pooling, Department of Labor Opinion Letter WH-536 (Oct. 26, 1989), which states in part:

> Where the employer does not claim a tip credit under section 3(m) of the Act, the pooling of tips among employees would become an issue under the minimum wage provisions of the Act only if both (1) such pooling deprives a tipped employee of any amount of the tips such employee actually received *and* (2) the employer does not pay a sufficiently high cash wage to reimburse such employee for such loss, plus at least the minimum wage . . . . The courts have made clear that tips are the property of the employee to whom they are given.

As with the Platek court, 961 F. Supp. at 839-40, I decline to follow this analysis. Tips are only the property of the employee if there is no agreement to the contrary. Id. at 839; Williams v. Jacksonville Terminal Co., 315 U.S. 386, 397, 62 S. Ct. 659 (1942); 29 C.F.R. § 531.52 (General Characteristics of Tips: "In the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer."); 29 C.F.R. § 531.55 (Examples of Amounts not Received as Tips: "Likewise, where the employment agreement is such that amounts presented by customers as tips belong to the employer and must be credited or turned over to him, the employee is in effect collecting for his employer additional income from the operations of the latter's establishment. . . . The amounts received from customers are the employer's property, not his, and do not constitute tip income to the employee.").

The evidence, then, is that Cooper was paid more than federal and state minimum wage for her on-the-clock hours. Because the tip pool does not violate the "free and clear" regulation, the minimum wage laws were not violated as a result of the tip pool, as alleged in Claims One and Eight. Accordingly, I grant summary judgment and dismiss these two claims with prejudice.

II.     Tip Pool Overtime Wage Claims

In Claims Two and Nine, Cooper alleges that defendants violated the federal and state overtime wage statutes as a result of the tip pool contributions. The analysis is the same as for minimum wages, namely, the tip pool contribution is not subtracted from the wages paid to determine if time and one-half was paid for overtime hours worked. I grant summary judgment and dismiss these two claims with prejudice.

    III.    <u>FLSA Meal Period Minimum Wage Claim</u>

Under Oregon law, an employee who has worked at least six but not more than eight hours is entitled to an appropriate meal period, defined to be at least 30 minutes when the employee is relieved of all duty. If the employee must remain on call or is not relieved of all duties, the meal period is not deducted from the time worked. OAR 839-020-0050(1)(a).

In Claim Three, Cooper alleges that defendants violated the FLSA minimum wage by failing to provide 30-minute duty-free meal periods and not paying her for working through the time, thereby dropping her wages below the federal minimum wage as a result.

Defendants contend that it is mathematically impossible for Cooper's wages to fall below the federal minimum wage, $5.15 per hour. Defendants calculate the actual hourly rate in different scenarios, based on Cooper's lowest hourly wage during the period at issue of $7.50. If Cooper worked 8 hours per day in a 5-day work week, and was entitled to 5 additional paid 30-minute meal periods because she was not relieved of duty, the hourly rate drops from $7.50 to $7.05, still well above the FLSA minimum. If Cooper only worked a single 6-hour shift during the week, and was entitled to one additional paid 30-minute meal period, her hourly rate drops from $7.50 to $6.92.

Cooper does not dispute the arithmetic. Instead, she relies on her "free and clear" argument, which I decided above was without merit. Consequently, I grant summary judgment and dismiss Claim Three with prejudice.

///


///

Page 6 - OPINION AND ORDER

## CONCLUSION

Defendants' Motion for Partial Summary Judgment (#21) is granted. Claims One, Two, Three, Eight, and Nine are dismissed with prejudice. Currently pending are Plaintiff's Motion to Compel Discovery (#30) and Plaintiff's Motion to Approve Sending Notice of the Right to Opt In to this Case (certification of an FLSA collective action) (#39). Plaintiff also intends to file at some point a motion to certify a class action for her non-FLSA claims. As discussed during the oral argument, I will continue to stay all briefing and decision on these motions until we determine if plaintiff has any claims that will survive to trial. If the parties disagree with this approach, particularly if there are portions of the motion to compel that need to be addressed earlier, they should contact the court to request a status conference.

IT IS SO ORDERED.

Dated this      26th      day of January, 2007.

                                            /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge